UNITED STATES DISTRICT COURT
DISTRICT COURT OF RHODE ISLAND

CA 14 - 335

| | |
|---|---|
| JOSEPH EAD, | ) Case No.: |
| | ) |
| Plaintiff, | ) |
| | ) COMPLAINT |
| vs. | ) |
| | ) JURY TRIAL DEMANDED |
| CENTRAL PORTFOLIO CONTROL, INC., | ) |
| | ) |
| Defendant | ) |

Plaintiff, JOSEPH EAD, on behalf of herself (hereinafter "Plaintiff" or "Ead"), by and

through his undersigned attorney, alleges against the Defendant, CENTRAL PORTFOLIO

CONTROL, INC. (hereinafter "Defendant") as follows:

## PRELIMINARY STATEMENT

1.    This is an action for damages arising from Defendants' violations of 15 U.S.C. § 1692 *et*

*seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt

collectors from engaging in abusive, deceptive and unfair practices as well as 47 U.S.C. 227, et

seq., the Telephone Consumer Protections Act (hereinafter "TCPA").

## JURSIDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C.

§1692k (d) and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C.A.

§ 1367.

3.    Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

4.      Plaintiff is a natural person, who at all relevant times has resided in the in the city of West Warwick, Kent County, State of Rhode Island, and is a "consumer" as defined by 15 U.S.C. § 1692a (3).

5.      Defendant is a corporation doing business in the State of Minnesota, with its corporate mailing address as 6640 Shady Oak Road Suite 300, Eden Prairie, MN 55344, and is a "debt collector" as defined by 15 U.S.C § 1692a(6).

## FACTUAL STATEMENT

6.      In or around March of 2014, Ead began receiving telephone communications from Defendant originating from multiple numbers inclusive of but not limited to, (952) 582-6077. All calls went to voicemail. The voice messages contained long stretches of silence as if no party was on the line.

7.      The purposes of Defendant's contact attempts with Plaintiff were an attempt to collect an alleged debt due and owing. Plaintiff has at all times relevant to this litigation, denied owing the alleged amount.

8.      On March 26, 2014 at 9:26AM EST, Plaintiff tiring of the calls, fielded one and requested a cease and desist on communications.

9.      After Plaintiff requested the cease and desist on communications, Defendant proceeded to place an additional (12) calls. All calls went Ead's voice mail. The same types of messages were left with long stretches of silence as if no party was on the line.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLECTIONS PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

10.     Plaintiff repeats the allegations contained in paragraphs 1 through 9 and incorporates them as if set forth at length herein.

11.     In or around March of 2014, Ead began receiving telephone communications from Defendant originating from multiple numbers inclusive of but not limited to, (952) 582-6077. All calls went to voicemail. The voice messages contained long stretches of silence as if no party was on the line.

12.     The purposes of Defendant's contact attempts with Plaintiff were an attempt to collect an alleged debt due and owing. Plaintiff has at all times relevant to this litigation, denied owing the alleged amount.

13.     On March 26, 2014 at 9:26AM EST, Plaintiff tiring of the calls, fielded one and requested a cease and desist on communications.

14.     After Plaintiff requested the cease and desist on communications, Defendant proceeded to place an additional (12) calls. All calls went Ead's voice mail. The same types of messages were left, with long stretches of silence as if no party was on the line.

15.     Defendant's actions after Plaintiff requested the cease and desist on communications were to harass him. Defendant engaged in a continuous course of harassment. This harassment was not "harassment for harassment's sake" but rather harassment to induce Plaintiff to pay monies allegedly due and owing.

16.     Defendant's action have violated multiple provisions of the FDCPA inclusive of but not limited to; 15 U.S.C. 1692(e)(2)(A), 15 U.S.C. 1692(c)(C), and 15 U.S.C. 1692(d)(5).

17.     Plaintiff has been damaged and is entitled to relief.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLECTIONS PRACTICES ACT
### 47 U.S.C. 227, et seq.

18.     Plaintiff repeats the allegations contained in paragraphs 1 through 17 and incorporates them as if set forth at length herein.

19.     In or around March of 2014, Ead began receiving telephone communications from Defendant originating from multiple numbers inclusive of but not limited to, (952) 582-6077. All calls went to voicemail.  The voice messages contained long stretches of silence as if no party was on the line.

20.     The purposes of Defendant's contact attempts with Plaintiff were an attempt to collect an alleged debt due and owing.  Plaintiff has at all times relevant to this litigation, denied owing the alleged amount.

21.     On March 26, 2014 at 9:26AM EST, Plaintiff tiring of the calls, fielded one and requested a cease and desist on communications.

22.     After Plaintiff requested the cease and desist on communications, Defendant proceeded to place an additional (12) calls.  All calls went Ead's voice mail.  The same types of messages were left, with long stretches of silence as if no party was on the line.

23.     Upon information and belief, all calls placed by Defendant to Plaintiff were done so using an automated dialer system as the term is defined by the TCPA.

24.     Plaintiff has been damaged and is entitled to relief.

*[Remainder of page intentionally left blank]*

## DAMAGES

WHEREFORE, Plaintiff, JACOB SUTTON, requests this Court enter judgment against Defendant and on behalf of Plaintiff for the following:

A.  That an order be entered declaring the Defendant's acts and or omissions, as described above, in violation of the FDCPA;

B.  That an order be entered declaring the Defendant's acts and omissions in violation of the TCPA;

C.  That judgment be entered against the Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

D.  That judgment be entered against the Defendant for statutory and actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

E.  That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3);

F.  That judgment be entered against the Defendant for in the amount of $500.00 for (1) non-willful violations of 47 U.S.C. § 227 b)(1)(A)(ii).

G.  That judgment be entered against the Defendant for in the amount of $18,000.00 for (12), separate and distinct, willful violations of 41 U.S.C. § 227 b)(1)(A)(ii)

H.  That the Court grants such other and further relief as may be just and proper.

*[Remainder of page intentionally left blank; signature page to follow.]*

Dated this _____ Day of July, 2014

Respectfully Submitted,

_____

Daniel G. Ruggiero
Attorney for Plaintiff
P.O. Box 291
Canton, Massachusetts 02021
Telephone: 339-237-0343
Fax: 201-608-7116
Email: druggieroesq@gmail.com

On Behalf of:
Law Offices of Michael Lupolover, P.C.
180 Sylvan Avenue, 2nd Floor
Englewood Cliffs, NJ 07632
Phone: (201) 461-0059
Facsimile: (201) 608-7116
Email: david@lupoloverlaw.com